IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMANDA ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-619-SLR |
| | ) |
| JULIE GARCIA and CAROLINE | ) |
| TERRASI, medical director of BWCI, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of April, 2009, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claim against defendant Caroline Terrasi is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, and that plaintiff may proceed against defendant Julie Garcia, for the reasons that follow:

1. **Background**. Plaintiff Amanda Ross, ("plaintiff"), was an inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware at the time she filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 1) She has since been released. Plaintiff appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the

2

complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. Plaintiff alleges that defendant Julie Garcia ("Garcia") attempted to blackmail her into signing a refusal for mental health medications. Plaintiff refused to sign and, as a result, her medications were discontinued causing plaintiff to go through a series of withdrawals, panic/anxiety attacks, and the like. Plaintiff alleges that when she finally saw a physician, two months later, Garcia was present and lied about the reasons plaintiff's medications were discontinued. The complaint does not mention defendant Caroline Terrasi ("Terrasi"), the medical director at BWCI.

3

6. **Personal Involvement/Respondeat Superior**. Plaintiff names Terrasi, the medical director at BWCI, as a defendant apparently based upon her supervisory position. Other than to name her as a defendant, the complaint contains no allegations directed towards Terrasi.

7. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. 2005) (not reported).

8. Plaintiff's allegations against Terrasi appear to fall under the umbrella of a respondeat superior theory. Nothing indicates that Terrasi was aware that plaintiff's medication had been stopped. Nor does the complaint indicate that Terrasi was the "driving force [behind]" plaintiff's allegations. Finally, the complaint does not indicate that Terrasi was aware of plaintiff's allegations and remained "deliberately indifferent" to her plight. *Sample v. Diecks*, 885 F.2d at 1118. For the foregoing reasons, plaintiff's claim against Terrasi lacks an arguable basis in law or in fact and, therefore, are not cognizable under § 1983. Therefore, the claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and Terrasi is dismissed as a defendant.

9. **Conclusion**. For the above reasons, the claim against Caroline Terrasi is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed with her medical needs claim against defendant Julie Garcia.

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to plaintiff.

2. Plaintiff has submitted an **original** "U.S. Marshal-285" form for defendant Julie Garcia. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall also complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). Plaintiff shall also provide the court with copies of the complaint (D.I. 1) for service upon the remaining defendant and the chief deputy attorney general. Plaintiff is notified that

the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms and copies of the complaint have been received by the Clerk of the Court.  **Failure to provide the "U.S. Marshal 285" form for the chief deputy attorney general within 120 days of this order may result in the complaint being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

    3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant identified in the 285 form(s).

    4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s)and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver  pursuant to Fed. R. Civ. P. 4(d)(1) and (2) .

    5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

    6. No communication, including pleadings, briefs, statement of position, etc., will

be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                                                                                 _____
                                                                                           UNITED STATES DISTRICT JUDGE