IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMANDA ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-619-SLR |
| | ) |
| JULIE GARCIA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of September, 2009, having screened the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claim against defendant Correctional Medical Services is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Amanda Ross, ("plaintiff"), an inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 1) An amended complaint was filed on July 31, 2009. (D.I. 26.) Plaintiff appears pro se and has been granted leave to proceed in forma pauperis. The court screened the original complaint, dismissed the claims against Caroline Terrasi and allowed plaintiff to proceed against Julie Garcia ("Garcia"). (D.I. 19) The amended complaint adds a new defendant, Correctional Medical Services ("CMS").

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to

state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

4. The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007).

6. **Discussion.** Plaintiff alleges that CMS should be held accountable for its employees' actions and for lack of proper procedures in the community of those employees. To support her claim, plaintiff points to the alleged acts of defendant Garcia who attempted to blackmail her into signing a refusal for mental health medications. Plaintiff submitted grievances and was ultimately seen by a psychiatrist who would not prescribe the "proper dosage" of medication because of the false allegations of Garcia.

7. **Respondeat Superior.** When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, she must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992); *see also Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir.

2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

8. The court has thoroughly reviewed plaintiff's complaint and its amendment. Plaintiff's general allegations do not permit the court to infer more than a mere possibility of misconduct by CMS. Inasmuch as the facts do not rise to the level of a constitutional violation by CMS they fail to state a claim. Therefore, the court will dismiss the claims against CMS as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

9. Plaintiff submitted a special power of attorney appointing her father as her attorney-in-fact. (D.I. 28) Federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with plaintiff's power of attorney. *Harris v. Philadelphia Police Dep't*, Civ. No. 06-2192, 2006 WL 3025882 (E.D. Pa. Oct. 20, 2006); *accord Montelione v. Corbett*, Civ. No. 08-790, 2008 WL 1994816 (M.D. Pa. May 2, 2008). Further, a non-lawyer with a power of attorney is not permitted to represent his family members in court. *See Osei-Afriyie v. Medical Coll. of Pa.*, 937 F.2d 876, 882-883 (3d Cir. 1991). It does not appear that plaintiff's father is a licensed attorney and, therefore, he cannot represent or file documents on her behalf even if he has her power of attorney.

10. **Conclusion**. For the above reasons, the claim against CMS is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). As previously decided, plaintiff will be allowed to proceed with her medical

needs claim against defendant Julie Garcia.

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to plaintiff.

2. Plaintiff has submitted an **original** "U.S. Marshal-285" form for defendant Julie Garcia. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff was previously ordered to complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c), but she failed to comply with the order. Plaintiff was also ordered to provide the court with copies of the complaint (D.I. 1) for service upon the remaining defendant and the chief deputy attorney general, but did not. Plaintiff is given an additional **thirty (30) days** to provide the court with copies of the complaint (D.I. 1), amended complaint (D.I. 26) and the USM-285 form for the Chief Deputy Attorney General for service upon the remaining defendant and the Chief Deputy Attorney General for the State of Delaware. Plaintiff is notified that the United States Marshal will not serve the complaint and amended complaint until all "U.S. Marshal 285" forms and copies of the required pleadings have been received by the Clerk of the Court. **Failure to provide the "U.S. Marshal 285" form for the chief deputy attorney general and copies of the complaint and amended complaint within 30 days of this order may result in the complaint being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States

Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant identified in the 285 form(s).

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s)and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2) .

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE